## Muskegon Tool & Stamping Company, Appellee, v. Allith-Prouty Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Muskegon Tool & Stamping Company, plaintiff, against Allith-Prouty Company, defendant, to recover on a sale by plaintiff to defendant of certain dies. From a judgment for plaintiff, defendant appeals.

J. B. MANN and O. D. MANN, for appellant.

LINDLEY, PENWELL & LINDLEY, for appellee; WALTER C. LINDLEY, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Muskegon Tool & Stamping Co. v. Allith-Prouty Co., 205 Ill. App. 70.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 804*—*when weight of evidence will not be determined.* Where certain dies introduced in evidence were not made part of the bill of exceptions, *held,* that the weight of the evidence could not be determined on review.

2. APPEAL AND ERROR, § 1303*—*when presumed that evidence was sufficient to support judgment.* When all of the evidence is not contained in a bill of exceptions, it will be presumed in support of a judgment that there was all the evidence necessary to justify the one rendered.

3. SALES, § 326*—*when expert evidence of commercial marketability of article manufactured with dies inadmissible.* Where the defense to an action based upon a sale by plaintiff to defendant of certain dies raised the question whether the dies were fit for the use for which they were purchased, namely, to make a certain hinge, a question asked of a witness as a mechanical expert whether the dies would produce the hinges so the hinges could be "commercially marketable," *held* to be improper, as the commercial marketability of the hinges was not involved in the case and as the question was answered in the negative and the answer remained in the record.

4. TRIAL, § 58*—*when objection to question already answered properly sustained.* Where a witness, after he had stated that he did not know what day a certain party was coming to a certain place, was asked the question: "You knew he was coming, and didn't you have word he was coming that day?" *held* that an objection to such question was properly sustained, as, if pertinent, it had been answered and there was no occasion to clog the record with a repetition.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.